NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-1445

STATE OF LOUISIANA

VERSUS

KEVIN DEMOND RICHARD

************

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 76859-F
HONORABLE THOMAS F. FUSELIER, DISTRICT JUDGE

************

JIMMIE C. PETERS
JUDGE

************

Court composed of Ulysses Gene Thibodeaux, Chief Judge, and Jimmie C. Peters and Shannon J. Gremillion, Judges.

AFFIRMED.

Trent Bignac
District Attorney
Juhelene E. Jackson
Gregory J. Vidrine
Assistant District Attorneys
Thirteenth Judicial District
P.O. Drawer 780
Ville Platte, LA 70586
(337) 337-363-3438
COUNSEL FOR APPELLEE:
    State of Louisiana

**Annette Fuller Roach**
**Louisiana Appellate Project**
**P.O. Box 1747**
**Lake Charles, LA**
**(337) 436-2900**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Kevin Demond Richard**

PETERS, J.

A jury convicted the defendant, Kevin Richard, of distribution of cocaine, a violation of La.R.S. 40:967(A). Thereafter, the trial court sentenced the defendant to serve ten years at hard labor and ordered that the first two years of that sentence be served without the benefit of parole, probation, or suspension of sentence. The defendant appealed both his conviction and the sentence imposed, assigning three assignments of error. For the following reasons, we affirm the conviction and sentence in all respects.

## DISCUSSION OF THE RECORD

The evidentiary record establishes that Officer Orval Patrick Hale, of the Evangeline Parish Sheriff's Office, began functioning as an undercover narcotics investigator in Evangeline Parish sometime in December 2007. He testified that on the evening of January 15, 2008, the defendant drove up to him as he was standing on Guillory Street in Basile, Louisiana, and, in the transaction that followed, he purchased crack cocaine from the defendant.

When charged by bill of information with distribution of cocaine,[1] the defendant entered a not guilty plea. However, a jury convicted him of the offense. Thereafter, the trial court sentenced him to serve ten years at hard labor with the first two years of the sentence to be served without the benefit of probation, parole, or suspension of sentence.

## OPINION

The defendant asserts three assignments of error: (1) the state did not present sufficient evidence to establish that he committed the offense of distribution of

_____

[1]Initially the state charged the defendant with other offenses in the same bill of information. However, the distribution charge was subsequently severed from the other charges and tried separately.

cocaine; (2) the trial court erred in allowing hearsay evidence to be admitted; and (3) the trial court imposed an indeterminate sentence.

## *Assignment of Error Number One*

In this assignment of error, the defendant asserts that the evidence presented by the state failed to negate the possibility of misidentification. In making this argument, the defendant challenges the trial identification testimony of Officer Hale.

> "In reviewing the sufficiency of the evidence to support a conviction, an appellate court in Louisiana is controlled by the standard enunciated by the United States Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). . . . [T]he appellate court must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt." *State v. Captville*, 448 So.2d 676, 678 (La.1984). Furthermore, when the key issue is the defendant's identity as the perpetrator, rather than whether the crime was committed, the State is required to negate any reasonable probability of misidentification. *State v. Weary*, 03-3067 (La.4/24/06), 931 So.2d 297; *State v. Neal*, 00-0674 (La.6/29/01), 796 So.2d 649. Positive identification by only one witness is sufficient to support a conviction. *Weary*, 03-3067 at p. 18, 931 So.2d at 311; *Neal*, 00-0674 at p. 11, 796 So.2d at 658; *State v. Mussall*, 523 So.2d 1305, 1311 (La.1988). It is the factfinder who weighs the respective credibilities of the witnesses, and this court will generally not second-guess those determinations. *State v. Bright*, 98-0398, p. 22 (La.4/11/00), 776 So.2d 1134, 1147.

*State v. Hughes*, 05-992, pp. 5-6 (La. 11/29/06), 943 So.2d 1047, 1051.

Officer Hale testified that on the evening of January 15, 2008, he observed the defendant approach him driving a red vehicle. He testified that he had no previous dealings with the defendant and that the defendant was introduced to him by the nickname of "Squeegie."[2] He stated that he only learned the defendant's name sometime after the cocaine purchase.

---

[2]In his testimony, Officer Hale often stated that "we" took certain steps during the narcotics transaction. Although he never specifically states that another individual was present with him, the context of the testimony and the basic argument of the defendant suggests that he was accompanied by a confidential informant during the transaction.

2

According to Officer Hale, he approached the red vehicle from the passenger side and the defendant, who was driving the vehicle, turned on the vehicle's interior light. Officer Hale reached over the individual[3] occupying the front passenger seat, gave the defendant $20.00, and he received two small pieces of crack cocaine that the defendant broke from a larger piece. When asked at trial if he harbored any doubts that the defendant was the man who sold him cocaine on the evening of January 15, 2008, Officer Hale responded that he had no doubts. Additionally, he testified that after the transaction, he saw the defendant numerous times in the community driving the same red vehicle. After being informed of the defendant's name, Officer Hale pulled up the defendant's driver's license at the Evangeline Parish Sheriff's office and recognized the man on the license as the man from whom he purchased the crack cocaine.

We find that this assignment of error has no merit. Officer Hale's testimony was sufficient to support the jury's finding that the defendant sold crack cocaine to him.

### *Assignment of Error Number Two*

In his second assignment of error, the defendant asserts that the trial court erred in allowing the state to introduce hearsay evidence during the course of the trial. He asserts that this occurred over his objection and that the trial court's action deprived him of his right to confront and cross examine his accusers. His complaint with regard to this hearsay evidence expands his argument of the first assignment of error, that the overall transaction resulted in a failure to identify him beyond a reasonable doubt by competent admissible evidence.

---

[3]This person was never identified at trial.

Louisiana Code of Evidence Article 801(C) defines hearsay as "a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted." Keith Dupre, the chief criminal investigator for the Evangeline Parish Sheriff's Office, testified that because Officer Hale was new to the area, he assigned a confidential informant to assist him in the undercover work. Over the defendant's objection Officer Hale testified that the defendant was introduced to him as "Squeegie," and that he was later told that the defendant's name was Kevin Richard.

In asserting that allowing Officer Hale to explain how he came to know the defendant's name constituted hearsay evidence, the defendant acknowledges that a police officer's testimony about information he obtained from a third party may not constitute hearsay when the officer is explaining the police investigation and why certain things were done which ultimately led to an arrest. *State v. Dillard*, 45,633 (La.App. 2 Cir. 11/3/10), 55 So.3d 56. However, he suggests that the identity information obtained from the confidential informant and testified to by Officer Hale did not relate to an explanation of the investigative procedures followed in this case. Instead, the defendant argues, it constituted the pivotal identification of him as the seller of narcotics to Officer Hale. Therefore, the defendant argues, it was impermissible hearsay and could not be construed as harmless error because it formed the basis of identification in the state's case. Furthermore, because the confidential informant did not testify, the defendant argues, the hearsay evidence presented prohibited him from exercising his right of confrontation of his accusers.

In rejecting this assignment of error, we note that Officer Hale identified the defendant as the individual who sold him crack cocaine on January 15, 2008, and

4

obviously could have done so even had he not known the defendant's name. That is to say, he identified *the person* who distributed the cocaine to him and did not rely on the defendant's name to do so. Additionally, under the circumstances before us, Officer Hale's testimony simply explained the steps he took thereafter in his investigation to link *the person* he could now identify by sight with a name provided through the public records available to him. *See State v. Haynes*, 09-109 (La.App. 5 Cir. 2/9/10), 34 So.3d 325, *writ denied*, 10-493 (La. 9/24/10), 45 So.3d 1073.

We find no merit in this assignment of error.[4]

### *Assignment of Error Number Three*

In this assignment of error, the defendant asserts that the trial court imposed an indeterminate sentence, and he bases this argument on either a misstatement by the trial court or an error in preparing the trial transcript.

Louisiana Revised Statutes 40:967(B)(4)(b) provides that an individual convicted of distribution of crack cocaine "shall be sentenced to a term of imprisonment at hard labor for not less than two years nor more than thirty years, with the first two years of said sentence being without benefit of parole, probation, or suspension of sentence; and in addition, may be sentenced to pay a fine of not more than fifty thousand dollars." In this case, the trial transcript reflects that the trial court stated the following with regard to the sentence imposed: "The Court, therefore,

---

[4]In the final paragraph of this assignment of error, the defendant asserts that his trial counsel's failure to object and preserve his confrontation argument constitutes ineffective assistance of counsel. We decline to address this issue as we do not have a sufficient record before us to determine this issue, and it is better regulated to post-conviction relief consideration where, if warranted, a full evidentiary hearing may be conducted to develop a sufficient record on the issues raised. *See State v. T.W.*, 09-532 (La.App. 3 Cir. 10/7/09), 21 So.3d 465.

imposes a sentence of ten years at hard labor with the first two *sentences* to be served without benefit of parole, probation, or suspension of sentence." (Emphasis added.)[5]

While the defendant acknowledges that it is obvious what the trial court intended in imposing sentence, it did not impose the limitation on the first two years of incarceration as required by the sentencing statute. Therefore, the defendant argues, because the sentencing provision is mandatory, and because the transcript prevails over the minutes,[6] this court should amend the sentence to properly reflect the statutory requirement and should order the trial court to take action to assure that the Louisiana Department of Corrections is provided with the appropriate information.

Whether the use of the word "sentence" is a misstatement by the trial court or a typographical error of the individual preparing the transcript, we note that when a penalty provision mandates that all or a portion of the sentence be imposed without benefit of probation, parole, or suspension of sentence, the sentence is deemed to contain the benefits restriction. La.R.S. 15:301.1. Because the defendant's sentence is deemed to contain the benefits restriction and it is included in the sentencing minutes, no corrective action is required. *See State v. Mayer*, 99-3124 (La. 3/31/00), 760 So.2d 309.

### DISPOSITION

We affirm the defendant's conviction and sentence in all respects.

**AFFIRMED.**

---

[5]The sentencing minutes state that the first two "*years*" of the sentence are to be served without the benefit of probation, parole, or suspension of sentence. (Emphasis added.)

[6]*State v. Roberson*, 06-1568 (La.App. 3 Cir. 5/2/07), 956 So.2d 736, *writ denied*, 07-1243 (La. 12/14/07), 970 So.2d 531.

This opinion is NOT DESIGNATED FOR PUBLICATION.  Rule 2—16.3, Uniform Rules, Courts of Appeal.